IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MORGAN JEROME BURTON, JR., ) | |
| #185 425, a.k.a., Morgan Jerome ) | |
| Burton, Jr., El-Bey, ) | |
|   ) | |
|   Plaintiff, ) | |
|   ) | |
|   v.   ) | CIVIL ACTION NO.:  2:13-CV-680-WHA |
|   ) | [WO] |
| PRESIDENT PRO TEMPORE ) | |
| SENATORS, ) | |
| CHIEF JUSTICE JUDGES, LUTHER ) | |
| STRANGE, ALL SIXTY-SEVEN ) | |
| COUNTIES CIRCUIT JUDGES, ALL ) | |
| SIXTY-SEVEN COUNTIES DISTRICT ) | |
| ATTORNEYS, and ALABAMA BD. ) | |
| OF PARDONS and PAROLES, ) | |
|   ) | |
|   Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This federal civil action is before the court on a complaint filed by Plaintiff, a state inmate currently confined at the Bibb Correctional Facility.[1] In his complaint, Plaintiff challenges actions of members of the Alabama legislature, various state appellate judges, all state circuit court judges, the prosecuting attorneys for all Alabama counties and the Alabama Board of Pardons and Paroles with respect to the constitutionality of his current incarceration. Specifically, Plaintiff asserts that he has renounced his citizenship by

---

[1] Plaintiff states that "[t]his is not a 1983 color of [state][ law complaint!  This is a tort complaint [filed under the Federal Torts Claim Act]." *Doc. No. 1* at 1.  Plaintiff styles the action as a "Federal Torts Claim Application." *Id*.

cancelling his social security card and birth certificate and is a "Free National Moorish-American" entitled to sovereign immunity from all state laws. *Doc. No. 1* at 14. Plaintiff maintains that due to his renouncement of citizenship the defendants are "without proper jurisdiction, without proper venue, without proper status, without proper adjudication under a fatal void jurisdiction" to issue indictments and/or enter convictions or sentences against him. *Id*. at 3. Plaintiff alleges that the actions of Defendants are void, which requires that "all contracts, sentences, judgments, convictions of the plaintiff[] ... be vacated, abolished, removed [or] cancel[led] immediately...." *Id*. at 16. Plaintiff seeks issuance of a declaratory judgment and injunctive relief, and an award of monetary damages from Defendants.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## II. DISCUSSION

*A. The Federal Tort Claims Act*

Plaintiff requests relief from Defendants under the Federal Tort Claims Act ["FTCA"]. "In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees. *See* 28 U.S.C. § 1346(b)(1). As relevant here, the FTCA authorizes 'claims against the United States, for money damages ...

---

[2]The court granted Plaintiff leave to proceed *in forma pauperis* in this case. *Doc. No. 15*. An indigent prisoner allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the [United States] Government while acting within the scope of his office or employment.' *Ibid*." *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 217-218, 128 S.Ct. 831, 835 (2008).

> The FTCA imposes civil liability on the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). ***It is well-established that for the United States to be liable under the FTCA, the alleged tortfeasor must be an employee of the government***. *Patterson & Wilder Constr. Co. v. United States,* 226 F.3d 1269, 1273-74 (11th Cir.2000). Under the FTCA, an "employee of the Government" includes "officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671.

*Duque v. United States*, 216 Fed.Appx. 830, 831-832 (11th Cir. 2007) (emphasis added).

Defendants listed by Plaintiff are not employees of the federal government, as they are not officers or employees of a federal agency, nor have they acted on behalf of a federal agency; rather, Defendants are all state actors. Consequently, Plaintiff is entitled to no relief under the FTCA and his claims for relief related to the FTCA are due to be summarily dismissed as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

B. *The Challenges to Criminal Conviction(s) and Resulting Confinement*

Plaintiff alleges violations of his constitutional rights and federal laws by state actors which go to the fundamental legality of his conviction(s) and current incarceration, claims

which by their very nature arise under 42 U.S.C. § 1983. These claims, however, presently provide no basis for relief in this cause of action, regardless of whether the action is one filed under the FTCA or 42 U.S.C. § 1983. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 483-489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487; *Balisok*, 520 U.S. at 646-648. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 480 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on his conviction ... may not do that in a civil

4

suit, other than a suit under the habeas corpus statute...."). The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. An inmate "cannot seek to accomplish by a section 1983 [or FTCA] declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue ... is not the relief sought, but the ground of the challenge."). In *Balisok*, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." 520 U.S. at 649.

It is clear that Plaintiff's convictions, which form the basis for his present incarceration, have not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. *Heck* and its progeny, therefore, bar Plaintiff's use of any federal civil action, other than a 28 U.S.C. § 2254 application for habeas corpus relief, to mount a collateral attack on the conviction(s). 512 U.S. at 489 ("Even a prisoner who has fully exhausted [all] available ... remedies has no cause of action under § 1983 unless and until the conviction ... is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella*, 63 F.3d at 1066 n.4 ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The claims presented by Plaintiff under the Federal Tort Claims Act be DISMISSED with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

2.  Plaintiff's challenges to the constitutionality of his conviction(s) and resulting incarceration be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as these claims are not properly before the court in this cause of action.

3.  This case be DISMISSED prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that **on or before February 25, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also*

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 11th day of February, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE